UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ALLEN BYNUM,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No.  15-cv-02222-JSW<br><br>**ORDER RESOLVING MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 24, 27 |

Now before the Court is the Motion for Summary Judgment filed by Plaintiff Henry Allen Bynum ("Bynum"), and the Cross-Motion for Summary Judgment filed by the Commissioner of the Social Security Administration ("Commissioner"). Having carefully reviewed the administrative record and considered the parties' papers and the relevant legal authority, the Court hereby DENIES Bynum's Motion for Summary Judgment and GRANTS the Commissioner's Cross-Motion for Summary Judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Bynum brings this action to obtain judicial review of the Commissioner's decision to deny his request for waiver of overpayment pursuant to 42 U.S.C. section 405(g). Bynum, then 62 years old, applied for Social Security benefits on September 23, 2009. (Certified Administrative Record ("AR") 16-17.) In doing so, Bynum acknowledged that "if [he] decide[d] to go back to work [he] must stay within the gross annual earnings limit of $14,160.00 yr/$1,800.00 mo." (AR 17.) Additionally, he acknowledged that if there was a possibility that he may earn wages in excess of this limit, he "must contact Social Security right away" to avoid creating an overpayment. (AR 17.) In a letter that notified Bynum of his benefit award, the Social Security Administration ("SSA") stated "your benefits are based on the information you gave us. If this

1   information changes, it could affect your benefits. For this reason, it is important that you report

2   changes to us right away." (AR 18.) Bynum began receiving Social Security benefits in October

3   2009. (*Id*.)

4   During this time, Bynum continued to work and earned a gross paycheck in excess of the

5   SSA's prescribed earning limits. (AR 67-93.) On June 16, 2011, the SSA notified him that he had

6   received an overpayment of $17,652.00 in benefits for 2010. (AR 21.) The SSA explained that he

7   had earned an actual income of $78,983.00 despite reporting an income of $0.00. (*Id*.) Further,

8   the SSA notified Bynum on April 24, 2012 that his future benefits would no longer be paid. (AR

9   32.) On May 11, 2012, Bynum submitted a request for waiver of overpayment due to "extreme

10  hardship." (AR 34.) He stated his net pay was merely $720 a month due to delinquent tax

11  payments. (*Id*.) In his request, Bynum noted, "[m]y take-home [pay] is less than the monthly

12  allowance for working individuals...." (AR 39.)

13  On May 26, 2012, the SSA informed Bynum that the overpayment totaled $33,921.00 for

14  excess benefits paid between January 2010 and December 2011. (AR 56.) Five days later,

15  Bynum filed a request for reconsideration to waive the payment. (AR 59.) In his filing, he stated

16  that if he was required to pay, it would result in an inability to pay "bills for food, clothing,

17  housing, medical care, or other necessary expenses." (*Id*.) The SSA classified Bynum's

18  overpayment as an entitlement overpayment and denied his request for reconsideration. (AR 11,

19  97.) The SSA explained, "Mr. Bynum filed an application indicating that he was retiring when in

20  fact it appears that he never stopped working." (AR 98.) Additionally, the SSA stated Bynum

21  received "clear instructions on his reporting responsibilities" when he applied for benefits. (AR

22  98.) On August 31, 2012, Bynum requested a hearing with an Administrative Law Judge ("ALJ")

23  to appeal the SSA's decision. (AR 108.) In this application, Bynum declared his "earning[s] are

24  moot" due to tax garnishes placed upon his wages. (*Id*.)

25  On August 30, 2013, the ALJ affirmed the SSA's decision and denied Bynum's request to

26  waive the overpayment. (AR 11-15.) The ALJ found that Bynum was "not without fault" in

27  creating the overpayment and therefore, was ineligible to receive a waiver. (AR 13.) Bynum

28  requested review of the ALJ's decision, which the Appeals Council denied on February 12, 2015.

(AR 2.)

Having exhausted his administrative remedies, Bynum commenced this action for judicial review of the ALJ's decision. Bynum argues he was without fault for the overpayment and, therefore, repayment should be waived. He argues he "understood" and "was led to believe" that the SSA's earning limit was calculated on net pay instead of gross pay. (Pl. Br. at 6.) For support, Bynum cites the capitalization pattern of the words "take-home" and "gross" on the SSA's waiver application form. (*Id.*) Additionally, he claims that the SSA was negligent, because it failed to notify him that the limits were based on gross earnings instead of net earnings. Further, Bynum argues the ALJ "erred in his conclusion" that Bynum was "evasive" in his testimony. (*Id*. at 7.)

On February 4, 2016, Bynum filed the instant motion for summary judgment. On March 3, 2016, the Commissioner filed a cross-motion for summary judgment.

## ANALYSIS

**A.    Standard of Review**

A federal district court may not disturb the Commissioner's denial of a waiver of overpayment request if the decision is supported by substantial evidence and without legal error. 42 U.S.C. § 405(g); *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). Considering the administrative record as a whole, "[s]ubstantial evidence means more than a scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. SSA*, 466 F.3d 882 (9th Cir. 2006); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "[W]here the evidence is susceptible to more than one rational interpretation" and the ALJ has provided a rational interpretation, the district court must uphold the decision of the ALJ. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

**B.    The ALJ's Determination That Bynum Was Not Without Fault Is Supported By Substantial Evidence and Free of Legal Error.**

Bynum argues that the ALJ erred in the decision to find him not without fault for the overpayment, and the ALJ's decision to deny him a waiver of overpayment must be reversed. Conversely, the Commissioner argues that the ALJ's determination that Bynum was not without fault for the overpayment rests upon substantial evidence, and the ALJ's decision must be

1 affirmed.

2     The SSA may recover an overpayment of social security benefits made to a claimant when

3 "an incorrect amount of benefits has been paid to an individual." *Harrison v. Heckler*, 746 F.2d

4 480, 481-82 (9th Cir. 1984). A claimant who receives overpayment is entitled to waiver of

5 recovery only under specific circumstances. 20 C.F.R. § 404.506(a). Federal regulations provide

6 that "there shall be no adjustment or recovery in any case where an overpayment under title II has

7 been made to an individual who is without fault[.]" *Id.* In order to determine if an individual is at

8 fault, the SSA considers "all pertinent circumstances, including the individual's age and

9 intelligence, and any physical, mental, educational, or linguistic limitations." *Id.* § 404.507.

10 Additionally, a waiver is unavailable "if adjustment or recovery would either defeat the purpose of

11 title II of the Act, or be against equity and good conscience." *Id.* § 404.506(a).

12     **1.    Substantial evidence supports the ALJ's ruling that Bynum was not without fault for the overpayment of benefits.**

13

14     Bynum argues that the ALJ erred in finding him to not be without fault for the

15 overpayment of benefits. In reviewing the ALJ's finding of fault, the Court must determine

16 whether the ALJ's decision is supported by substantial evidence. There are two types of

17 overpayments: entitlement overpayments and deduction overpayments. *See* 20 C.F.R. §§ 404.507,

18 404.510, 404.510a, 404.511. An entitlement overpayment is a benefit payment to an individual

19 "who fails to meet one or more requirements for entitlement to such payment *or a benefit payment*

20 *exceeding the amount to which he is entitled*." 20 C.F.R. § 404.510a (emphasis added).

21 Conversely, a deduction overpayment "is generally caused by excess earnings." *Tomic v.*

22 *Sullivan*, No. 89 C 2054, 1992 WL 43241 at *3 n.5 (N.D. Ill. Feb. 28, 1992).

23     The SSA categorized Bynum's overpayment as an entitlement overpayment (AR 97), and

24 accordingly, the ALJ applied the entitlement overpayment standard for fault. (AR 12.) Under the

25 entitlement overpayment standard, an individual is not without fault if the facts show that an

26 incorrect payment resulted from: "(a) an incorrect statement made by the individual which he

27 knew or should have known to be incorrect; (b) a failure to furnish information which he knew or

28 should have known to be material; or (c) acceptance of a payment which he either knew or could

4

1  have been expected to know was incorrect." 20 C.F.R. § 404.507(a)-(c).

2  Considering Bynum's testimony and the evidence in the record, the ALJ determined that
3  Bynum knew or could be expected to know that he was being overpaid. (AR 12-14.) The ALJ
4  found Bynum's "protestations of ignorance" regarding the distinction between net and gross pay
5  to be "not believable." (AR 14.) The ALJ noted that Bynum possesses an advanced degree
6  (Ph.D.) and that nothing in his "education, work experience, or intelligence" supported Bynum's
7  claimed confusion between net and gross pay. (AR 13-14.) The ALJ emphasized that Bynum
8  acknowledged that the earning limits were based on gross pay when he applied for benefits. (AR
9  14.) Furthermore, the ALJ found Bynum was adequately "informed of the reporting
10 requirements" necessary to prevent an overpayment. (*Id*.) Because the ALJ found that Bynum
11 could be expected to know of the overpayment and failed to take measures to prevent it, the ALJ
12 found him to be not without fault in causing the overpayment. (*Id*.)

13 To support his argument that he was without fault, Bynum points to the capitalization
14 pattern of "take home" and "gross" on his waiver application form as the source of his confusion
15 on the earning limits. As the Commissioner notes, this document was submitted in May 2012, and
16 therefore, could not have been the basis for his failure to report his gross earnings in 2010 or 2011.
17 Additionally, Bynum argues the SSA was "negligent" in "leading [him] to proceed" with his belief
18 that the earning limits were based on net rather than gross pay. (*Id*. at 7). This also cannot sustain
19 a basis to prove he was without fault as consideration of fault "applies only to the individual" and
20 any possible fault of the SSA does "relieve" the individual of fault. 20 C.F.R. § 404.507.

21 The Court finds the ALJ's decision that Bynum was not without fault to be supported by
22 substantial evidence. Bynum acknowledged in his initial benefit application that the SSA's
23 earning limits were based on gross pay. (AR 17.) Based on his high level of education and his
24 work experience, Bynum knew or should have known the difference between gross and net pay.
25 (*Id*.) Moreover, in his administrative hearing testimony, Bynum stated that he applied for benefits
26 with the intent to "cease working." (AR 161.) However, Bynum continued to work and failed to
27 report this to the SSA. (AR 67-93.) From the outset, Bynum was notified of his reporting
28 responsibilities and his duty to notify the SSA of any changes in circumstances such as returning

to work.  Based on the record as a whole, the Court finds that the ALJ's decision was supported by substantial evidence.

Bynum also argues that the ALJ's finding that he was evasive in his testimony was erroneous and led to an unfavorable decision.[1]  An ALJ may reject a plaintiff's testimony if the rejection is "accompanied by a specific finding to that effect, supported by a specific, cogent reason for the disbelief."  *Lewin v. Schwieker*, 654 F.2d 631, 635 (9th Cir. 1981).  A specific basis for rejection of testimony is "necessary" so that the court may "properly determine" if the ALJ's decision is "supported by substantial evidence."  *Id.*  To support his finding that Bynum was evasive in his testimony, the ALJ cited Bynum's failure to explain the amount of tax he owed and Bynum's purported attempt to delay the hearing through an unnecessary subpoena.  (AR 14.)  Bynum argues that he "stated that the amount of taxes owed was hundreds of thousands of dollars."  (Pl. Br. at 7.)  On the contrary, Bynum never stated the amount he owed despite the ALJ's inquiry into the amount.  (AR 156-57.)  Instead, Bynum merely suggested it was "quite a bit."  (AR 157.)  The Court finds the ALJ's assessment of Bynum's testimony to be supported by substantial evidence.[2]

### 2.  The ALJ's decision is free of harmful legal error.

When the SSA evaluated Bynum's request for a waiver of overpayment, it determined that the overpayment was an entitlement overpayment, rather than a deduction payment.  (AR 97.)  Subsequently, the ALJ applied the entitlement overpayment standard for fault to Bynum's

---

[1]  In his brief, Bynum repeatedly argues that the ALJ "failed to attest that he is fair and equitable."  (*See* Pl. Br. at 7).  The ALJ has a duty to preside over a hearing that is not "strict in tone or operation" and that is "fundamentally fair."  *Richardson v. Perales*, 402 U.S. 389, 400-01 (1971).  Additionally, regulations require that an administrative judge shall not conduct a hearing if he or she is "prejudiced or partial."  20 C.F.R. § 404.940.  Nothing in the record suggests the ALJ conducted an unfair proceeding or was biased in any way.  Pursuant to 20 C.F.R. section 404.940, Bynum had a right to object to the presiding ALJ and seek a new judge.  Nothing in the record suggests Bynum did so or had grounds to do so.  The Court finds no grounds to overturn the ALJ's decision on this basis, and it denies Bynum's motion to the extent it rests on this argument.

[2]  Because the Court finds the ALJ's decision that Bynum was not without fault in creating the overpayment to be supported by substantial evidence, the Court does not reach Bynum's argument that the recovery of the overpayment defeats the purpose of Title II of the Social Security Act.

1  requested waiver of overpayment.  Though not raised by Bynum, the Commissioner notes that the
2  ALJ may have incorrectly applied the entitlement overpayment standard rather than the deduction
3  overpayment standard.

4  Under federal regulations, entitlement overpayments and deduction overpayments have
5  separate and distinct standards of fault.  *See* 20 C.F.R. §§ 404.507, 404.510, 404.510a, 404.511.
6  The deduction overpayment standard for fault requires an individual to exercise a "high degree of
7  care" that varies with the plaintiff's "circumstances and situation."  20 C.F.R. § 404.511.
8  Conversely, the entitlement standard merely requires an individual not to make incorrect
9  statements, not to accept incorrect payments, and to report material information.  *See* 20 C.F.R. §
10 404.507.  As such, the deduction standard is more stringent than the entitlement standard.  *See,*
11 *e.g.*, *Rogman v. Colvin*, No. 4:14CV3101, 2015 WL 8483288 at *7 n.8 (D. Neb. Dec. 9, 2015)
12 (finding that the plaintiff failed to meet "the lesser entitlement-overpayment standard, which
13 means he necessarily failed to meet the more stringent deduction-overpayment standard of fault.").

14 Although a federal district court reviews a denial of a waiver request for legal error, the
15 court has "long recognized that harmless error principles apply in the Social Security Act context."
16 *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).  Courts deem "legal errors harmless where
17 it was clear they did not alter the ALJ's decision."  *Id*.  In doing so, the court "look[s] at the record
18 as a whole to determine whether the error alters the outcome of the case."  *Id*.  Because the ALJ
19 found that Bynum failed to show he was not without fault for the lesser entitlement standard, any
20 error in failing to apply the more stringent deduction standard is harmless.  Accordingly, even
21 when assuming *arguendo* that the SSA and ALJ wrongly categorized Bynum's overpayment as an
22 entitlement overpayment, there is no basis to overturn the ALJ's decision based on legal error.

## CONCLUSION

24 For the foregoing reasons, the Court GRANTS the Commissioner's Cross-Motion for
25 Summary Judgment and DENIES Bynum's Motion for Summary Judgment.
26 //
27 //
28 //

7

1    The Court shall issue a separate judgment, and the Clerk shall close the file.

2    **IT IS SO ORDERED.**

3    Dated: July 28, 2016

_____
JEFFREY S. WHITE
United States District Judge